PER CURIAM:
On April 20, 1985, at approximately 10:45 P.m., the claimant was driving his Chevrolet Impala Sedan in an easterly direction on Interstate 70 near Wheeling, Ohio County. Interstate 70 is a four-lane highway.
According to claimant's testimony, the weather was clear and the road was dry. Claimant's wife and two others were in his vehicle with him. They were returning to Pittsburgh from the Wheeling Downs Race Track. Claimant's vehicle struck a hole in the pavement of a bridge overpass which was approximately two feet by three feet. This defect was positioned in the right lane of the two eastbound lanes. Claimant seeks an award of $250.00 for damage to the automobile. Claimant alleges that the foundation of the overpass disintegrated or perhaps became dislodged and fell to the street below. Claimant went down to the street below and observed what his vehicle had hit. Claimant testified that it was approximately two feet by three feet in size. He observed one vehicle ahead of him and six or eight vehicles behind him which had hit the hole. Claimant was unable to photograph the area because a member of the West Virginia Department of Public Safety closed off the lane. Claimant testified that he did not see the defect before his vehicle hit it. Claimant had no knowledge of any complaints made to respondent concerning this defect.
Although the respondent's duty of "reasonable care and diligence in the maintenance of a highway under all the circumstances" (Parsons v. State Road Comm'n., 8 Ct-Cl- 37 [1969]) may require respondent to put greater effort into the maintenance of superhighways than in the maintenance of lesser travelled county roads (Davis Auto Parts v. Dept. of Highways, 12 Ct-Cl- 31 [1977]), proof of actual or constructive notice is required in all cases. As there was no showing of such notice *127 of negligence on the part of the respondent, the Court denies the claim.
Claim disallowed.